UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PHL VARIABLE INSURANCE COMPANY,

        Plaintiff,

vs.

THE DOUGLAS COVE IRREVOCABLE TRUST,
by and through its trustee, DAVID ROSEN,

        Defendant.
_____/

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S
ORIGINAL COMPLAINT**

Plaintiff PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against The Douglas Cove Irrevocable Trust, by and through its trustee, David Rosen, as follows:

## I.
## PARTIES

1. PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in Florida. Phoenix is organized under the laws of Connecticut and its principal place of business is located in Hartford, Connecticut. Phoenix's headquarters are located at One American Row, Hartford, Connecticut 06102-5056. Phoenix's high level officers direct, control and coordinate the corporation's activities from Hartford, Connecticut. As such, Phoenix is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, The Douglas Cove Irrevocable Trust (the "Trust" or "Defendant") is a trust organized under the laws of Florida, with its situs located at 20355 N.E. 34th Ct., Apt. 1229, Aventura, Florida 33180. Upon information and belief, the Trust's settlor is Douglas Cove. Upon information and belief, Douglas Cove is a citizen of Florida. The Trust may be served through its trustee, David Rosen ("Trustee"), at his primary residence, 20191 E. Country Club Dr., Townhouse #9, Aventura, Florida 33180. Upon information and belief, Trustee Rosen is the Trust's sole trustee and is a citizen of the State of Florida. As such, the Trust is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and the Trust are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4. Phoenix is a corporation organized under the laws of Connecticut and has its principal place of business in Connecticut. As such, for diversity purposes, Phoenix is a citizen of the State of Connecticut.

5. Upon information and belief, the Trust is organized under the laws of Florida, the situs of the Trust is in Florida, and the sole Trustee is a citizen of the State of Florida. As such, for diversity purposes, the Trust is a citizen of the State of Florida.

6. As Phoenix and the Trust are citizens of different states, a diversity of citizenship exists.

7. As set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount far in excess of $75,000. Additionally,

this case involves an adjudication of the disbursement of premiums paid on this policy, also in excess of $75,000.

8. The Trust is subject to the personal jurisdiction of this Court as the Trustee is a citizen of Florida and the Trust was established under Florida law.

9. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

10. Venue is proper for this action pursuant to 28 U.S.C. § 1391 because the Trustee is located in Miami-Dade County, and the insurance policy at issue is governed by Florida law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of Florida.

## III.
## FACTUAL BACKGROUND

11. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

12. On or about February 21, 2008, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Douglas Cove ("Cove"). The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Cove and the Trust, through its Trustee, executed the Application on February 21, 2008.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 3**

13. In completing the Application, Cove and the Trust provided Phoenix with material information regarding, among other things, Cove's medical history. In completing the Application, Cove and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Cove and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Cove was insurable and qualified for the insurance sought through the Application.

14. Cove and the Trust were asked a series of questions on the "Medical History" portion of the Application, which requested material information regarding Cove's health and medical history. In response to these questions, the Application represented that Cove's last office visit to his primary physician was in July of 2007, that Cove had not been a patient in any hospital in the last ten years, and that Cove had not been advised by a physician to have any surgeries, EKGs, blood studies or other tests performed within the last five years. Upon information and belief, the answers provided to certain of these questions were materially false and/or incomplete.

15. On the basis of the statements and representations contained on the Application and in reliance upon Cove's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix extended an offer of coverage to Cove and the Trust by delivering a copy of the offered policy contract along with a Health Statement Form (the "Health Statement") and a Policy Acceptance Form (the "Acceptance Form"). Cove and the Trust were required to execute the Health Statement and the Acceptance Form in order to place the policy in force.

16. The Health Statement asked the following questions:

> Since the date of the last medical examination (or non-medical application) for insurance in the Phoenix Life Insurance Company or its subsidiaries has the proposed insured (including all family members, if policy issued with Family Protection Rider and payor, if policy issued with payor benefits): (1) Had any illness or injury? (2) Consulted or been examined by a physician? (3) Had Life, Accident or Health insurance postponed, rated up, ridered, canceled, or renewal or reinstatement refused? (4) If the answer to any of the above questions is "Yes" give details (If answer applies to wife, child or payor – give name):

In response to these clear, direct questions seeking material information regarding any changes in Cove's health during the pendency of the Application, Cove and the Trust, through its Trustee, responded in the negative. Cove and the Trust, through its Trustee, executed the Health Statement on or about June 12, 2008. As discussed more fully in the following paragraphs, the representations contained in the Health Statement were false and were material to Phoenix's acceptance of the risk assumed.

17. The Acceptance Form contained the following affirmation:

> The insured(s) declares that the statements made in the application remain full, complete, and true as of this date; that since the date of the application, no insured has applied to any insurance company or society without receiving the exact policy applied for or had any symptoms, diseases or disorders for which advice has been sought.

The Acceptance Form also contained an amendment to the Application that stated:

> Insured last saw [primary physician] in July 2007 and has not been seen by this provider since this date.

Cove and the Trust, through its Trustee, executed the Acceptance Form on or about June 12, 2008.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 5**

18. Upon information and belief, the representations contained on the Health Statement and the Acceptance Form were false and were material to Phoenix's acceptance of the risk assumed.[1]

19. On the basis of the statements and representations on the Application, Health Statement, and Acceptance Form, and in reliance upon Cove's and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Health Statement, and Acceptance Form, Phoenix issued life insurance policy number 97528495 (the "Policy") to the Trust, with an effective date of June 5, 2008. The Policy's death benefit is $1,000,000.

20. Cove and the Trust knowingly and intentionally made material misstatements of fact, failed to disclose and omitted material facts, and/or otherwise neglected to accurately, honestly and/or truthfully answer and disclose material information in response to the questions presented on the Application, Health Statement, and/or Acceptance Form. Phoenix relied on these representations in assessing the risk and/or hazard to be assumed and did not know that these representations were false. Had Cove and the Trust provided accurate responses on the Application, Health Statement, and Acceptance Form, Phoenix would not have issued the Policy or would have done so on materially different terms.

21. Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

---

[1] Pursuant to federal privacy laws, the Federal Rules of Civil Procedure, and this Court's local rules, Phoenix is not in a position to further elaborate on the exact nature of the material misrepresentations made to Phoenix by the Trust and Cove. If required at some later time, Phoenix will file relevant materials under seal with the Court.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 6**

## IV.
## DECLARATORY JUDGMENT

22. Phoenix incorporates herein each of its allegations contained in paragraphs 1–21 above.

23. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that Cove and the Trust made on the Application, Health Statement, and Acceptance Form.

24. In underwriting and issuing the Policy, Phoenix reasonably relied on Cove's and the Trust's representations regarding Cove's health and medical history. Phoenix did not know that those representations were false.

25. If Cove and the Trust had truthfully, completely and fully disclosed the facts of Cove's health and medical history, Phoenix would not have issued the Policy, or would have done so on materially different terms.

26. Phoenix hereby fully and unconditionally tenders the Policy's premiums to the Court's registry.

27. Phoenix also seeks its fees pursuant to the Federal Declaratory Judgment Statute.

## V.
## CONCLUSION

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, PHL Variable Insurance Company demands judgment against The Douglas Cove Irrevocable Trust as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing Policy Number 97528495 to be null and void and rescinded, *ab initio*;

  (b)  an order directing that Phoenix deposit with the Clerk of the Court, all premiums paid on the Policy along with required interest, if any; and

  (c)  an order awarding costs of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute and such other relief as the Court deems equitable and just to Phoenix.

Dated: June 4, 2010

            PETT FURMAN, PL
            Attorneys for Plaintiff
            2101 N.W. Corporate Blvd., Suite 316
            Boca Raton, FL 33431
            (561) 994-4311
            (561) 982-8985 fax


            By:  s/Wendy L. Furman
               WENDY L. FURMAN
               Fla. Bar No. 0085146
               wfurman@pettfurman.com

            ATTORNEYS FOR PLAINTIFF
            PHL VARIABLE INSURANCE COMPANY

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

Thomas F.A. Hetherington
Texas Bar No. 24007359
Jessica L. Wilson
Texas Bar No. 24028230
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jessica.wilson@emhllp.com